UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| In re: Altisource Portfolio Solutions, S.A. Securities Litigation | Case 14-81156 CIV-WPD |

**LEAD PLAINTIFFS' MOTION FOR LEAVE TO FILE A
SUR-REPLY IN OPPOSITION TO THE OCWEN DEFENDANTS'
MOTION TO DISMISS AND ACCOMPANYING MEMORANDUM OF LAW**

Lead Plaintiffs hereby move, pursuant to Rule 7.1(c) of the Local Rules of the United States District Court for the Southern District of Florida, for entry of an Order granting Lead Plaintiffs leave to file a Sur-Reply Brief in opposition to the motion of Ocwen Financial Corporation and William C. Erbey (collectively, the "Ocwen Defendants") to dismiss the Corrected Amended Class Action Complaint (the "Complaint") (the "Motion"). Lead Plaintiffs' Motion is based upon the grounds set forth below in the Memorandum in Support of Lead Plaintiffs' Motion for Leave to File a Sur-Reply.

**Memorandum in Support of Lead Plaintiffs' Motion for Leave to File a Sur-Reply**

On March 23, 2015, the Ocwen Defendants filed their Motion to Dismiss the Complaint and accompanying memorandum of law requesting that the Court dismiss all of the claims against them (the "Ocwen Brief"). On May 14, 2015, Lead Plaintiffs filed a memorandum of law responding to the factual and legal arguments made by the Ocwen Defendants in the Ocwen Brief.

On June 8, 2015, the Ocwen Defendants filed a Reply Memorandum in Further Support of their Motion to Dismiss the Complaint (the "Ocwen Reply") that, *for the first time*, made new factual and legal arguments and attached extraneous materials that were not cited in the Complaint and that are not subject to judicial notice. Ocwen Reply at 5 n.5 & 9 and Reply Declaration of John P. Coffey Exs. I-J. These new purported facts and arguments should not be considered by the Court in deciding the Ocwen Defendants' motion to dismiss. *See, e.g., Herring v. Secretary, Dep't of Corrections*, 397 F.3d 1338, 1342 (11th Cir. 2005) ("As we repeatedly have admonished, arguments raised for the first time in a reply brief are not properly before a reviewing court.") (internal quotes omitted); *Foley v. Wells Fargo Bank, N.A.*, 849 F. Supp. 2d 1345, 1349 (S.D. Fla. 2012) (Dimitrouleas, J.) ("Because it is improper for Defendant to raise this new argument in its Reply brief, the argument will not be considered.").

If the Court considers these arguments, however, Lead Plaintiffs should be granted leave to file a Sur-Reply so that they may have the opportunity to respond to Defendants' untimely claims. *See Fed. Ins. Co. v. Surujon*, 2008 WL 2949438, at *6 n.6 (S.D. Fla. July 29, 2008) (noting that the filing of plaintiff's sur-reply was "appropriate as Defendant inappropriately raised new arguments and submitted new evidence in its reply brief"). Lead Plaintiffs' request to file this Sur-Reply is consistent with and supported by Local Rule 7.1(c), which requires "prior leave of Court" to file a Sur-Reply. In order to give Lead Plaintiffs a fair opportunity to respond to the new factual and legal arguments raised by the Ocwen Defendants, Lead Plaintiffs' filing of a limited Sur-Reply

is appropriate.

For the Court's convenience, Lead Plaintiffs' Sur-Reply is attached hereto as Exhibit 1, and the Declaration of Hannah Ross in Support of Lead Plaintiffs' Sur-Reply is attached hereto as Exhibit 2.

### LOCAL RULE 7.1(a)(3) CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), counsel for Lead Plaintiffs hereby certifies that they have conferred with counsel for the Ocwen Defendants in a good faith effort to resolve the issues raised by this Motion, but have been unable to do so.

The Ocwen Defendants set forth their position to this Motion in a letter dated June 17, 2015, which is attached as Exhibit F to the Declaration of Hannah Ross.  Notably, in their letter, the Ocwen Defendants do not claim to have made the arguments addressed in the Sur-Reply in their motion to dismiss.  While the Ocwen Defendants indicate that they may seek leave to file a rebuttal brief, Lead Plaintiffs believe that their letter—which contains substantive responses to Lead Plaintiffs' specific Sur-Reply arguments—should constitute any such rebuttal in its entirety.

Dated: June 17, 2015

Respectfully submitted,

/s/  Hannah Ross
Hannah Ross
Lauren A. Ormsbee
Jai Chandrasekhar

BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 554 1400
Facsimile: (212) 554 1444
hannah@blbglaw.com
lauren@blbglaw.com
jai@blbglaw.com

*Counsel for Lead Plaintiffs the Pension Fund for the International Union of Painters and Allied Trades District Council 35 and the Annuity Funds for the International Union of Painters and Allied Trades District Council 35 and Lead Counsel for the Class*

Dated:  June 17, 2015

/s/ Maya S. Saxena

2

3

          **SAXENA WHITE P.A.**
          Maya S. Saxena (FL Bar No. 0095494)
          Joseph E. White, III (FL Bar No. 621064)
          5200 Town Center Circle, Suite 601
          Boca Raton, FL 33486
          Telephone: (561) 394-3399
          Facsimile: (561) 394-3382
          msaxena@saxenawhite.com
          jwhite@saxenawhite.com

*Local Counsel for Lead Plaintiffs*

## CERTIFICATE OF SERVICE

      I hereby certify that on June 17, 2015, I electronically filed Lead Plaintiffs' Motion for Leave to File a Sur-Reply in Opposition to the Ocwen Defendants' Motion to Dismiss the Corrected Amended Class Action Complaint with the Clerk of the Court using the CM/ECF system. Notice of filing will be sent to counsel of record by operation of the Court's electronic filing system.

      I certify under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on June 17, 2015.

*/s/ Maya Saxena*
Maya Saxena
