UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

|  |  |
|---|---|
| In re Altisource Portfolio Solutions S.A. Securities Litigation ) ) ) ) ) | Case 14-81156 CIV-WPD |

**THE ALTISOURCE DEFENDANTS' RESPONSE IN OPPOSITION
TO LEAD PLAINTIFFS' MOTION FOR LEAVE TO FILE
A SUR-REPLY IN OPPOSITION TO THE OCWEN DEFENDANTS'
MOTION TO DISMISS AND ACCOMPANYING MEMORANDUM OF LAW**

**KING & SPALDING LLP**
Darren A. Shuler
Florida Bar ID # 0113405
10712 Avenida Santa Ana
Boca Raton, FL 33498
Tel: 404-572-2790
Fax: 404-572-5139
dshuler@kslaw.com

**KING & SPALDING LLP**
Michael R. Smith *(admitted pro hac vice)*
Benjamin Lee *(admitted pro hac vice)*
KING & SPALDING LLP
1180 Peachtree Street, N.E.
Atlanta, GA 30309
Telephone:  404-572-4600
Facsimile:  404-572-5100
mrsmith@kslaw.com
blee@kslaw.com

*Counsel for Defendants Altisource Portfolio Solutions S.A., William C. Erbey in his Capacity as Former Non-Executive Chairman of Altisource's Board of Directors, William B. Shepro and Michelle D. Esterman*

Pursuant to this Court's Order Requiring Expedited Response [DE 85], Defendants Altisource Portfolio Solutions S.A. ("Altisource"), William C. Erbey (in his capacity as former Non-Executive Chairman of Altisource's Board of Directors), William B. Shepro and Michelle D. Esterman (collectively, the "Altisource Defendants") hereby submit this response in opposition to Lead Plaintiffs' ("Plaintiffs") Motion for Leave to File a Sur-Reply in Opposition to the Ocwen Defendants'[1] Motion to Dismiss and Accompanying Memorandum of Law [DE 84] (the "Motion").

Consistent with Local Rule 7.1(c), the Ocwen Defendants' Reply Memorandum in Further Support of Their Motion to Dismiss the Corrected Amended Class Action Complaint [DE 82] (the "Ocwen Defendants' Reply" or "Ocwen Def. Reply") advanced appropriate arguments rebutting points asserted in Plaintiffs' Memorandum of Law in Opposition to the Ocwen Defendants' Motion to Dismiss the Corrected Amended Class Action Complaint [DE 73] (the "Opposition to the Ocwen Defendants' Motion to Dismiss" or "Opp. (Ocwen Def.)"). Among other things, the Ocwen Defendants' Reply refutes Plaintiffs' pervasive and gross mischaracterizations of the contents of the 2014 Consent Order (the "Consent Order") between Ocwen and the New York Department of Financial Services ("NY DFS"). *See* Ocwen Defendants' Reply at 2, 9-10 & n.9 (rebutting Opp. (Ocwen Def.) at 2-4, 6-9, 15-19). The Ocwen Defendants' Reply also corrects Plaintiffs' conclusory and unsupported assertion that S.P. Ravi's alleged supervision of the respective risk management functions for Ocwen and Altisource was not revealed to the public until February 2014, by citing public disclosures made on Ocwen's and Altisource's corporate websites in 2013 identifying Mr. Ravi as the Chief Risk Officer for each company. *See* Ocwen Defendants' Reply at 9-10 (rebutting Opp. (Ocwen Def.) at 7). The Ocwen Defendants' Reply properly raises these points in rebuttal to assertions in Plaintiffs' Opposition to the Ocwen Defendants' Motion to Dismiss and appropriately attaches exhibits supporting the rebuttal arguments as permitted by local rules. *See* Local Rule 7.1(c) (stating that a reply memorandum should present "rebuttal of matters raised in the memorandum in opposition" and that "materials in support of any motion, response, ***or reply***, including affidavits and declarations, shall be served with the filing") (emphasis added); *accord Intra-Lock*

---

[1] The "Ocwen Defendants" are Defendants Ocwen Financial Corporation ("Ocwen") and Defendant William C. Erbey in his Capacity as Former Chairman of Ocwen Financial Corporation.

*Intern., Inc. v. Choukroun*, No. 14–CV–80930, 2015 WL 1268278, at \*2, \*4 (Bloom, J.) (denying motion to strike or, in the alternative, for leave to file a sur-reply where party submitted blog post with reply brief to rebut and negate arguments in opposition brief).  Thus, there is neither any need nor justification for Plaintiffs to submit a sur-reply memorandum.  The Motion should be denied for that reason alone.

In addition, the Motion should be denied because Plaintiffs' proposed Sur-Reply in Opposition to the Ocwen Defendants' Motion to Dismiss the Corrected Amended Class Action Complaint [DE 84-1] (the "Sur-Reply") merely recycles and repeats erroneous and improper arguments previously advanced in Plaintiffs' Opposition to the Ocwen Defendants' Motion to Dismiss and Plaintiffs' Memorandum of Law in Opposition to the Altisource Defendants' Motion to Dismiss the Corrected Amended Class Action Complaint [DE 74] (the "Opposition to the Altisource Defendants' Motion to Dismiss" or "Opp. (Altisource Def.)").  The Sur-Reply therefore adds nothing new or material for this Court to consider in addressing the pending motions to dismiss.  *See Bovie Med. Corp. v. Livneh*, No. 8:10-CV-1527-T-24EAJ, 2010 WL 4117635, at \*3 (M.D. Fla. Oct. 19, 2010) (denying leave to file sur-reply where "Plaintiff has not identified any new arguments that have yet to be addressed by the parties, that are critical to the Court's resolution of the motion to dismiss or transfer").

The most prominent example of this deficiency is Plaintiffs' persistent repetition of the facially incorrect assertion that the Consent Order reflects an "admission" by Ocwen that Altisource's REALServicing platform "was the cause of Ocwen's 'failure to fulfill its legal obligations.'"  Sur-Reply at 3; *see also* Opp. (Ocwen Def.) at 4, 6, 8-9, 17 ; Opp. (Altisource Def.) at 2-3, 12-15, 20.  Tellingly, in repeating this assertion in the Sur-Reply, Plaintiffs cite only to the conclusory and unsupported allegations of their Corrected Amended Class Action Complaint (the "Complaint" or "Compl."), rather than to the text of the Consent Order.  *See* Sur-Reply at 3 (claiming that "the Consent Order admissions make clear that REALServicing . . . was the cause of Ocwen's 'failure to fulfill its legal obligations,'" but citing the Complaint rather than the Consent Order as the purported "support" for the claim).  Plaintiffs are forced to rely on the Complaint rather than the actual document that their allegations mischaracterize because, as previously shown in Defendants' motion to dismiss briefs, the Consent Order makes no such finding or assertion.  *See* The Altisource Defendants' Motion to Dismiss the Corrected Amended Class Action Complaint and Incorporated Supporting Memorandum of Law [DE 65]

2

("Altisource Def. Mem.") at 2, 15-16, 22, 26; Reply Memorandum in Support of the Altisource Defendants' Motion to Dismiss the Corrected Amended Consolidated Complaint [DE 83] ("Altisource Def. Reply") at 10-11 & n.12, 13; Ocwen Defendants' Reply at 10 & n.9; *see also* Consent Order [DE # 65-10]. The Consent Order never once mentions REALServicing either directly or implicitly. *See* Consent Order [DE # 65-10]. To the contrary, the Consent Order expressly attributes Ocwen's difficulties to systems other than REALServicing—*i.e*., Ocwen legacy systems inherited from acquired companies. *Id.*, ¶ 14. Because Altisource was spun out of Ocwen (Compl. ¶ 3), it is clearly not one of the referenced "acquired companies." Thus, the Consent Order cannot have been referring to REALServicing, contrary to Plaintiffs' repeated efforts to mischaracterize its terms.

The Sur-Reply also repeats other discredited arguments. Plaintiffs continue to claim, for example, that Ocwen allegedly "admitted" in the Consent Order that the rates Altisource charged for use of the Hubzu online auction marketplace were falsely represented as being consistent with or comparable to market rates for comparable services. *See* Sur-Reply at 3 n.2; *see also* Opp. (Ocwen Def.) at 8; Opp. (Altisource Def.) at 9, 11. As Defendants previously pointed out, however, Plaintiffs' allegations regarding this claim are based on an apples-to-oranges comparison of auction services provided as part of a limited pilot program designed to attract business from individual homeowners and involving fewer and more limited services than typical auctions of Ocwen-serviced properties on the Hubzu marketplace. *See* Altisource Def. Mem. at 11, 25; DE 65-11 at 8-9; The Ocwen Defendants' Motion to Dismiss the Corrected Amended Class Action Complaint and Incorporated Supporting Memorandum of Law [DE 64] ("Ocwen Def. Mem.") at 15; Altisource Def. Reply at 6. Accordingly, the allegation that certain charges in connection with the limited-service pilot program auctions were lower than charges in connection with typical auctions of Ocwen-serviced properties is, alone, insufficient to plead that charges issued in connection with auctions of Ocwen-serviced properties were inconsistent with market rates for comparable services. *See* Altisource Def. Mem. at 11; Ocwen Def. Mem. at 15; Altisource Def. Reply at 6. The Complaint alleges no particularized facts establishing that the amounts Altisource charged in the auctions of Ocwen-serviced properties were inconsistent with competitors' charges for similar services. *See, e.g.,* Altisource Def. Mem. at 10; Altisource Def. Reply at 6. In fact, the independent third-party analysts' reports on which Plaintiffs rely in the Complaint state that the fees charged in connection with auctions of Ocwen-serviced properties

3

on the Hubzu marketplace were in line with fees charged by competitor auction service providers.  *See* Altisource Def. Mem. at 10; DE 65-12; DE 65-13; Ocwen Def. Mem. at 15; Altisource Def. Reply at 6 & n.10.  Further, as the Complaint acknowledges, the Hubzu auction charge referenced in the Complaint is a "buyer's premium," charged to buyers, not Ocwen. Compl. ¶ 250.  Thus, any statements about rates Altisource charged to Ocwen could not include the Hubzu buyer's premium by definition, and Plaintiffs' claims challenging those statements therefore fail for that additional reason as well.  *See* Altisource Def. Mem. at 9; Ocwen Def. Mem. at 15; Altisource Def. Reply at 6.

Plaintiffs' proposed Sur-Reply also reprises their argument that statements describing the companies' respective management teams as "separate" were false or misleading based on alleged "admissions" by Ocwen in the Consent Order regarding Mr. Ravi.  *See* Sur-Reply at 3 n.2; Opp. (Ocwen Def.) at 7; Opp. (Altisource Def.) at 5-6.  Defendants previously identified several reasons why Plaintiffs' allegation that Mr. Ravi served concurrently as Chief Risk Officer for Ocwen and Altisource is insufficient to plead the falsity of the two isolated statements Plaintiffs challenge.  *See* Altisource Def. Mem. at 6-7, 18; Altisource Def. Reply at 1-2.  These reasons include the ***undisputed*** facts that:  (i) other than Mr. Ravi, the two companies' respective C-level management teams and other top corporate executives were entirely separate and non-overlapping (*see* Altisource Def. Mem. at 6; Altisource Def. Reply at 1-2); and (ii) both Ocwen and Altisource repeatedly disclosed to the public that the companies provided one another with extensive risk management services pursuant to a Support Services Agreement (*see* Altisource Def. Mem. at 7, 18; Altisource Def. Reply at 2).  Thus, even setting aside the public disclosures Ocwen and Altisource made on their company websites in 2013 identifying Mr. Ravi as the Chief Risk Officer of each company, Plaintiffs have failed to identify an actionable misrepresentation or omission on this subject.

The public website disclosures identifying Mr. Ravi as the Chief Risk Officer of both Ocwen and Altisource drive yet another nail into the coffin of Plaintiffs' claims.  *See, e.g., In re Mobile Telecomm. Tech. Corp. Sec. Litig.*, 915 F. Supp. 828, 840 (S.D. Miss. 1995) (finding no actionable misstatement where allegedly concealed information was publicly disclosed in news and analyst reports); *Sable v. Southmark Capital Corp.*, 819 F. Supp. 324, 333 (S.D.N.Y. 1993) ("The naked assertion of concealment of material facts which is contradicted by published documents which expressly set forth the very facts allegedly concealed is insufficient to

4

constitute actionable fraud."). Consistent with Local Rule 7.1(c), the Ocwen Defendants appropriately included and attached these public website disclosures to the Ocwen Defendants' Reply to rebut Plaintiffs' incorrect assertion in their Opposition to the Ocwen Defendants' Motion to Dismiss that Mr. Ravi's risk management functions for both Ocwen and Altisource were purportedly concealed from the market until the publication of the NY DFS's February 26, 2014 letter to Ocwen. *See* Opp. (Ocwen Def.) at 7; *see also* Local Rule 7.1(c).

Plaintiffs' are also mistaken to the extent they contend in the proposed Sur-Reply that the Ocwen Defendants raised "improper" "factual disputes" by pointing out (i) Plaintiffs' gross mischaracterizations of the Consent Order and (ii) Ocwen's and Altisource's public identification of Mr. Ravi as the Chief Risk Officer of each company on their corporate websites. *See* Sur-Reply at 4. According to an Eleventh Circuit decision that Plaintiffs cited in the Sur-Reply, a "district court may consider an extrinsic document" when ruling on a motion to dismiss if the document "is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged." *Speaker v. U.S. Dep't of Health & Human Servs. Centers for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010) (citing *SFM Holdings, Ltd. v. Banc of Am. Secs.*, LLC, 600 F.3d 1334, 1337 (11th Cir. 2010) and *Harris v. Ivax Corp.*, 182 F.3d 799, 802 n. 2 (11th Cir. 1999)). Here, Ocwen's and Altisource's public disclosures regarding Mr. Ravi on their respective corporate websites are clearly central to Plaintiffs' claim that the companies concealed Mr. Ravi's oversight of the companies' respective risk management functions. Plaintiffs also raised no genuine dispute as to the authenticity of the cited materials. Indeed, Plaintiffs submitted exhibits with their Sur-Reply that were obtained from the very same repository of archived website pages as Exhibits I & J to the Ocwen Defendants' Reply. *See* Sur-Reply, PX D & E.

The remaining authorities on which Plaintiffs rely to make their improper "factual dispute" argument are inapposite decisions involving litigation outside of the securities class action context. *Id.* at 4-5 (citing *Page v. Postmaster Gen. & CEO of the U.S. Postal Serv.*, 493 Fed. App'x 994 (11th Cir. 2012) (employment discrimination claim); *Sanchez-Knutson v. Ford Motor Co.*, 52 F. Supp. 3d 1222 (S.D. Fla. 2014) (Dimitrouleas, J.) (product defect claim). In a case such as this one that applies the heightened pleading requirements and other provisions of the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), the "usual rules for considering 12(b)(6) motions are thus bent to permit consideration of an allegedly fraudulent

5

statement in its context." *Harris*, 182 F.3d at 802, n.2; *see also Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999).  In such cases involving a motion to dismiss, the Court must evaluate plaintiffs' allegations in the context of all of the information that was publicly available to the market when the challenged statements were made.  *See Harris*, 182 F.3d at 802, n.2; *see also In re Mobile Telecomm. Tech. Corp.*, 915 F. Supp. at 840 (finding no actionable misstatement where allegedly concealed information was publicly disclosed in news and analyst reports); *accord Sable*, 819 F. Supp. at 333.  The Ocwen Defendants have neither argued any "disputed facts" nor injected any improper considerations by correcting Plaintiffs' mischaracterizations of the Consent Order and submitting public disclosures of information made available on Ocwen's and Altisource's public corporate websites.  *See Harris*, 182 F.3d at 802, n.2; *Speaker*, 623 F.3d at 1379-80.

Finally, the Court should reject Plaintiffs' red herring argument that the (allegedly "efficient," Compl. ¶ 269) market was deceived by Ocwen's and Altisource's mutual public disclosures identifying Mr. Ravi as each company's Chief Risk Officer simply because Mr. Ravi's biographical information listed on Altisource's website said that Mr. Ravi "previously served as Vice President and Chief Risk Officer for Ocwen."  *See* Sur-Reply at 5.  First, the statement that Mr. Ravi "previously served as Vice President and Chief Risk Officer for Ocwen" is not inconsistent with Mr. Ravi's continued service overseeing risk management for Ocwen. *See* Altisource Def. Mem. at 7 n. 6.  Second, Plaintiffs do not and cannot dispute that both Ocwen and Altisource publicly identified Mr. Ravi as Chief Risk Officer for each respective company.  Thus, this information was publicly disclosed and available to the market, which Plaintiffs allege "reacted promptly to public information."  Compl. ¶ 269.  Third, the Second Circuit's decision in *Ganino v. Citizens Util. Co*., 228 F.3d 154 (2d Cir. 2000) does not help Plaintiffs.  That decision addressed arguments about the materiality of allegedly fraudulent revenue recognition practices and involved a dispute between the parties about whether stock price movement (or lack thereof) supported the materiality of alleged misrepresentations regarding the challenged revenue reports.  *Id.* at 167-68.  Nothing remotely like that is at issue with respect to Plaintiffs' claims that Defendants somehow deceived investors regarding Mr. Ravi's alleged risk management functions where both companies (i) publicly identified Mr. Ravi as their Chief Risk Officer and (ii) repeatedly disclosed to the public that they provided risk

management services to one another.  *See, e.g.,* Altisource Def. Reply at 2; Altisource Def. Mem. at 7, 18.

For all of these reasons, the Court should deny Plaintiffs' Motion.  The Ocwen Defendants' Reply includes appropriate arguments rebutting points raised in Plaintiff's Opposition to the Ocwen Defendants' Motion to Dismiss and attaches appropriate supporting materials that are (i) central to Plaintiffs' claims and arguments and (ii) not subject to any genuine dispute regarding their authenticity.  Thus, nothing about the Ocwen Defendants' Reply necessitates or entitles Plaintiffs to file a sur-reply.  Moreover, Plaintiffs' request should be denied because the proposed Sur-Reply merely repeats failed and unpersuasive arguments that Plaintiffs have already asserted in their prior filings opposing Defendants' motions to dismiss and because the Sur-Reply adds nothing new or material for this Court to consider in deciding those motions.

Respectfully submitted this 23rd day of June, 2015.

*s/ Darren A. Shuler*
Darren A. Shuler
Florida Bar ID # 0113405
KING & SPALDING LLP
10712 Avenida Santa Ana
Boca Raton, FL 33498
Tel: 404-572-2790
Fax: 404-572-5139
dshuler@kslaw.com

Michael R. Smith *(admitted pro hac vice)*
Benjamin Lee *(admitted pro hac vice)*
KING & SPALDING LLP
1180 Peachtree Street, N.E.
Atlanta, GA 30309
Telephone:  404-572-4600
Facsimile:  404-572-5100
mrsmith@kslaw.com
blee@kslaw.com

*Counsel for Defendants Altisource Portfolio Solutions S.A., William C. Erbey in his Capacity as the Former Non-Executive Chairman of Altisource Portfolio Solutions S.A's Board of Directors, William B. Shepro and Michelle D. Esterman*

**CERTIFICATE OF SERVICE**

    I hereby certify that I electronically filed the foregoing with the Court using the CM/ECF system which will electronically notify the following counsel of record:

| | |
|---|---|
| Joseph E. White , III<br>Lester Rene Hooker<br>Maya Saxena<br>SAXENA WHITE PA<br>Boca Center 5200 Town Center Circle<br>Suite 601<br>Boca Raton, FL 33486<br>Jwhite@saxenawhite.com<br>lhooker@saxenawhite.com<br>msaxena@saxenawhite.com | Hannah Ross (*admitted pro hac vice*)<br>Lauren A. Ormsbee  (*admitted pro hac vice*)<br>BERNSTEIN LITOWITZ BERGER &<br>GROSSMAN LLP<br>1285 Avenue of the Americas<br>New York, New York 10019<br>hannah@blbglaw.com<br>lauren@blbglaw.com |
| Jeffrey Allan Hirsch, Esquire<br>GREENBERG TRAURIG, P.A.<br>401 East Las Olas Boulevard, Suite 200<br>Fort Lauderdale, Florida 33301<br>hirschj@GTLAW.com | David R. Kaplan<br>BERNSTEIN LITOWITZ BERGER &<br>GROSSMAN LLP<br>12481 High Bluff Drive<br>Suite 300<br>San Diego, GA  92130<br>davidk@blbglaw.com |
| John P. Coffey, Esquire<br>Jonathan M. Wagner, Esquire<br>Jason M. Moff, Esquire<br>KRAMER LEVIN NAFTALIS &<br>FRANKEL LLP<br>1177 Avenue of the Americas<br>New York, New York 10036<br>scoffey@kramerlevein.com<br>jwagner@kramerlevin.com<br>jmoff@kramerlevin.com | Douglas Scott Wilens<br>ROBBINS GELLER RUDMAN &<br>DOWD LLP<br>120 E Palmetto Park Road<br>Suite 500<br>Boca Raton, FL  33432<br>dwilens@rgrdlaw.com |

This the 23rd day of June, 2015.

                                         *s/ Darren A. Shuler*
                                         Darren A. Shuler
                                         Florida Bar ID # 0113405

                                         *Counsel for Defendants Altisource Portfolio Solutions S.A., William C. Erbey in his Capacity as the Former Non-Executive Chairman of Altisource Portfolio Solutions S.A's Board of Directors, William B. Shepro and Michelle D. Esterman*