UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| In re: Altisource Portfolio Solutions, S.A. Securities Litigation | Case 14-81156 CIV-WPD |

## ORDER AND FINAL JUDGMENT

WHEREAS, a securities class action is pending in this Court entitled *In re: Altisource Portfolio Solutions, S.A. Securities Litigation*, Case 14-81156 CIV-WPD (the "Action");

WHEREAS, (a) Lead Plaintiffs the Pension Fund for the Painters and Allied Trades District Council 35 and Annuity Fund for the Painters and Allied Trades District Council 35 ("Lead Plaintiffs"), on behalf of themselves and the other members of the Settlement Class (defined below); and (b) defendant Altisource Portfolio Solutions S.A. ("Altisource") and defendants William C. Erbey, William B. Shepro, and Michelle D. Esterman (collectively, the "Individual Defendants" and, together with Altisource, the "Settling Defendants," and together with Lead Plaintiffs, the "Settling Parties") have entered into a Stipulation and Agreement of Settlement dated February 8, 2017 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted in the Action and release of the Released Claims (as defined in the Stipulation) on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated February 10, 2017 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) certified the Settlement Class solely for purposes of effectuating the Settlement; (c) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (d) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, no objections to the Settlement were received;

WHEREAS, the Court conducted a hearing on May 30, 2017 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY O**RDERED, ADJUDGED AND DECREED**:

1. **Jurisdiction** – The Court has jurisdiction to enter this Order and Final Judgment. The Court has jurisdiction over the subject matter of the Action and all matters relating to the Settlement, as well as personal jurisdiction over Lead Plaintiffs, the Defendants, and each of the Settlement Class Members.

2. **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on February 8, 2017; and (b) the Notice and the Summary Notice, both of which were filed with the Court on April 25, 2017.

3. **Class Certification for Settlement Purposes** – The Court hereby affirms its determinations in the Preliminary Approval Order certifying, for Settlement purposes only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of a Settlement Class consisting of all persons or entities who or which purchased or otherwise acquired Altisource common stock during the period from April 25, 2013 through December 21, 2014, inclusive (the "Class Period"), and were damaged thereby. Excluded from the Settlement Class are the Defendants; the affiliates and subsidiaries of Altisource and Ocwen; members of the Immediate Family of each of the Individual Defendants; the Officers and directors of Altisource and Ocwen during the Class Period; the heirs, successors, and assigns of any excluded person or entity; and any entity in which any excluded person has or had during the Class Period a controlling interest.

4. **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for Settlement purposes only, the Court hereby affirms its determinations in the Preliminary Approval Order appointing Lead Plaintiffs the Pension Fund for the Painters and Allied Trades District Council 35 and Annuity Fund for the Painters and Allied Trades District

Council 35 and Named Plaintiff West Palm Beach Firefighters' Pension Fund ("West Palm Beach Firefighters") as the Class Representatives for the Settlement Class, and appointing Lead Counsel as Class Counsel for the Settlement Class. Lead Plaintiffs, West Palm Beach Firefighters, and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5. **Notice** – The Court finds that the dissemination of the Notice and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq*., as amended, and all other applicable law and rules.

6. Settling Defendants have filed a Declaration Regarding Compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. Settling Defendants timely

mailed notice of the Stipulation pursuant to 28 U.S.C. § 1715(b), including notices to the Attorney General of the United States of America, and the Attorneys General of all states in which members of the Settlement Class reside.  The notice contains the documents and information required by 28 U.S.C. § 1715(b)(1)-(8).  The Court finds that Settling Defendants have complied in all respects with the requirements of 28 U.S.C. § 1715.

7. **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class.  The Settling Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

8. All of the claims asserted in the Action by Lead Plaintiffs and the other Settlement Class Members are hereby dismissed with prejudice.  The Settling Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

9. **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Settling Defendants, Lead Plaintiffs, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.

10. **Releases** – The Releases set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are

expressly incorporated herein in all respects.  The Releases are effective as of the Effective Date of the Settlement.  Accordingly, this Court orders that:

(a) Without further action by anyone, and subject to paragraph 11 below, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Settlement Class Members, on behalf of themselves and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, (i) shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against the Defendants and the other Defendants' Releasees; (ii) shall be deemed to have, and by operation of law and of this Judgment shall have, covenanted not to commence, institute, maintain, or prosecute any or all of the Released Plaintiffs' Claims against any or all of the Defendants or the other Defendants' Releasees; and (iii) shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.  This Release shall not apply to any of the Excluded Claims (as that term is defined in paragraph 1(r) of the Stipulation).

(b) Without further action by anyone, and subject to paragraph 11 below, upon the Effective Date of the Settlement, the Settling Defendants, on behalf of themselves and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment (i) shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Lead Plaintiffs and the other Plaintiffs' Releasees; and (ii) shall forever be barred and enjoined from commencing,

instituting, prosecuting or maintaining any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.

11. Notwithstanding paragraphs 10(a) – (b) above, nothing in this Judgment shall bar any action by any of the Settling Parties to enforce or effectuate the terms of the Stipulation or this Judgment. Also, for the avoidance of doubt, neither this Judgment nor the Stipulation shall (a) release any claims (including any claims under or relating to any policy of liability, any other insurance policy or any contractual or statutory rights to indemnification) that Altisource or any other Settling Defendant may have against any Person other than any of the Plaintiffs' Releasees; or (b) release any insurer, co-insurer, excess insurer, or re-insurer from any obligation owed to Altisource or any other Settling Defendant for indemnity or coverage under or relating to any policy of liability or other insurance policy.

12. **Rule 11 Findings** – The Court finds and concludes that Lead Plaintiffs and Defendants and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and/or settlement of this Action.

13. **No Admissions** – Neither this Judgment, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any

of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation or this Judgment;

(b) shall be offered against any of the Plaintiffs' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation or this Judgment;

(c) shall be offered or construed as evidence that a class should or should not be certified in the Action if the Settlement is not consummated; or

(d) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Stipulation represents the amount that could be or would have been recovered after trial;

*provided, however*, that the Settling Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

14. **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over:  (a) Lead Plaintiffs and Settling Defendants for purposes of the administration, interpretation, implementation and enforcement of the Settlement, including without limitation the Releases provided thereunder; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Action.

15. Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses.  Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

16. **Modification of the Agreement of Settlement** – Without further approval from the Court, the Settling Parties are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement.  Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any provisions of the Settlement.

17. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation; this Judgment shall be without prejudice to the rights of Lead Plaintiffs, the other Settlement Class Members, and the Settling Defendants; the Settlement Class shall be decertified; the Settlement Amount, less any Notice and Administration Costs actually incurred, paid, or payable and less any Taxes paid, due or owing, subject to appropriate adjustment in the event any tax refund is obtained pursuant to the Stipulation, shall be refunded by the Escrow Agent to Altisource (or such other persons or entities that Settling Defendants' Counsel may direct in writing) as provided by the Stipulation; and Lead Plaintiffs and the Settling Defendants shall revert to their respective litigation positions in the Action as of immediately prior to the execution of the Term Sheet on January 18, 2017, as provided in the Stipulation.

18. **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Broward County, Florida, this 30th day of May, 2017.

*[signature]*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies to:
Counsel of record